TO: JUDGE, U.S. DISTRICT COURT
c/o CLERKS OF COURT

Fr: Ernesto M. Alvarez
CF0467-02

RE: Petition for Habeas Corpus Relief

FILED
DISTRICT COURT OF GUAM
DEC -2 2005
MARY L.M. MORAN
CLERK OF COURT

CV-05-00036

Your Honor,

My Constitutional rights was violated by the State. That the hearing judges considered improper evidence in making the determination. He failed to guard the prosecution, because of these I'm illegally detained and it violated my 8th amendment rights. <u>Herbert v. Sct. of Sacramento County</u> (1981) 3d Dist. 117 Cal. App 3d 661 172 Cal. Rptr. 850, 19 ALR 4th 1276. I entered into a plea because I'm denied of due process and a fair trial. I was charged with illegal and defective indictment, an aggravated offense. Unconstitutional, invalid and therefor void.

I was convicted of (1) one attempted murder charge and sentenced to (15) fifteen years with all but (3) years shall be suspended. Based on Dept. of Corrections computation I'm supposed to be released by Oct. 13, 2005 but the 'INS' placed a detainer on me, I was arrested and charged of Section 237(a)(2)(A)(iii) Immigration and Nationality (Act) based in attempted murder conviction by the Superior Court of Guam and sentenced of 15 years, an administrative charge.

My arguments to 'INS' is that if Section 237 charged is connected to Superior Court conviction, it would be in violation of double jeopardy rule of the 5th amendment of Federal Constitution, it will constitute a multiple prosecutions and multiple punishments on the same crime.

The court contention is that it is approved by Congress, but neither State legislation, state decision or congressional action can modify or override the due process of the 14th amendment or protect any officer, board or commission from its requirements.

Also prior convictions cannot be used against the defendant as evidence in a court of law. <u>State v. Zamora</u> Oregon Supreme Court decision that discussed the prior crime issue. The defendant had murdered a clerk and a customer in a convenience store in Portland. A 5-2 majority

reversed the conviction because the trial judge admitted evidence of a prior, unconnected robbery in violation of the rule excluding evidence of prior crimes.

State v. Cordova and State v. Galarraga, also involved state Constitutional law issues, but the convictions were reversed because of a violation of Oregon's evidence code.

Prior conviction should be excluded under Federal Rule of Evidence 401, because it is irrelevant. Defendant argues that even if the Court thinks the evidence is relevant, it should be excluded under Federal Rule 403 because of the danger of unfair prejudice.

Your Honor, the decision of Superior Court should be overturned, otherwise I'll be facing a possible deportation. I don't really know if there is a time for my appeal because according to Philippine Consulate representative, "IHS" is working for my deportation this December 2005.

The Constitution does not permit government to harass and oppress individuals by multiple prosecutions or punishment for the same crime.

Based on the foregoing, I hereby request that US District Court, Your Honor to provide me immediate assistance and Habeas Corpus Relief be granted. I'll leave everything into your sense of fairness. Thank You.

Dated this 22nd day of November, 2005.

Sincerely,

by: [signature]

ERNESTO M. ALVAREZ

FILED
DISTRICT COURT OF GUAM
DEC -2 2005
MARY L.M. MORAN

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
P.O. Box 193939
95 Seventh Street
San Francisco, CA. 94119-3939

November 15, 2005

Ernesto M. Alvarez
c/o Department of Corrections
P.O. Box 3236
Hagatha, Guam 96932

Dear Mr. Alvarez:

    This will respond to your recent correspondence to this court. We apologize for any delay in responding to your letter. Our court receives numerous letters requesting information and we do not have the staff to respond immediately to all requests. We are a court of limited jurisdiction which means that it can only act on cases which have been first filed, and finally decided in a U.S. District Court within this Circuit. *See* Title 28 of the United States Code Section 1291, 1292. This court and its employees are prohibited by statute from giving legal advice.

    In order to request relief in this court, you must file a ***notice of appeal*** from an appealable judgment or order of the U.S. District Court. Depending upon your type of case, you are referred to Title 28 of the United States Code, Sections 2241 - 2255; Title 42 of the United States Code, Section 1983; and Title 28 of the United States Code Sections 1330 - 1335 and 1343. If you are filing a writ of habeas corpus, it must be filed with the appropriate U.S. District Court. *See* Fed. R. App. P. 22 (a).

    In addition, it is important to note that all administrative and state court remedies must be exhausted before petitioning the federal court system, in the event the matter relates to your confinement in a state correctional institution.

    Your materials are being returned.

Sincerely,

CATHY A. CATTERSON
Clerk of the Court

*[signature]*

Jeff Crocker
Deputy Clerk

8/28/2006

Superior Court of Guam
Court of Appeals/ Record Dept
120 West O'Brien Drive
Hagatna, Guam 96910

Attn: Criminal Case Dept
Ref: Case # CF 0467-02

I want to appeal all the orders in the case #CF0467-02.

_____
Ernesto M. Alvarez

Dept of Correction
PO BOX 3236
Hagatna, Guam 96932

cc:   file
      court of appeals 9th circuit
    OFFICE OF THE CLERK
    PO BOX 193939
    SAN FRANCISCO, CA 94119-3939
    ATTN: CRIMINAL CASE DEPT.
    TEL. 1-415-556-9800

To: Hon. Alberto C. Lamorena III
    Judge, Superior Court of Guam

Fr: Ernesto M. Alvarez
    CF0467-02

Re: Petition for Habeas Corpus Relief

Your Honor,

Multiple punishments doesn't apply in same-crime regardless of what language they use in a plea-agreement. It is an ex post facto because it aggravates, or increases the punishment for a crime, and works for the defendants disadvantages. It is in violation of the 8th amendment or cruel and unusual punishments. It exceeds what is necessary to serve the legitimate objectives of the criminal law. Therefore, it is unlawful and void.

Questions concerning parole:
In this case, 'Special Parole' was arbitrary and capricious or improper. It constitute double penalty.

A. Special parole term of (3) years in addition to such term of imprisonment.
B. A fine of ($10,000.00), towards the Criminal Compensation Fund.
C. That Defendant shall be liable for full restitution pursuant to 9GCA §80.50(E) to the victims

   A. G. Borrego    $878.40
   B. V. Duarte      496.98
   M. T. Taganda    487.17
   Total          $1,862.55

RECEIVED
NOV 25 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Administrative acts or regulations and prescribes penalties for violation of acts, but inflicts punishment through fines or imprisonment and does deprives accused of any vested rights were unconstitutional or bill of attainders.

A defendant may not receive punishment greater than the maximum penalty for the charges of which he was given notice. It has been held that a defendant should not receive two separate punish-

ments for two violations arising out of the same conduct. Restitution may not be imposed as a sanction.

Of course, a defendant may receive two separate punishments for two separate acts of misconduct which occurred simultaneously. Consecutive punishments may be imposed. Restitution may be imposed as a sanction.

However, under the practice of statutes in some jurisdictions, the court may amend or correct a sentence to conform to the law and under proper circumstances the court may order sentence of parole be declared null and void.

This case is about drug-dealers, bad cops, hit-men, pushers and users, club owners who hired assassins, do the legwork, to get me killed for prevention and revenge.

Any conditions that will restrict the movement of defendant may placed him in a difficult position to avoid situations that might endanger his life. The reasons for actions taken is so that defendant can move to San Diego for avoidance, leave the past and start a new life.

Based on the foregoing, defendant is requesting that special parole, fine and restitution be declared null and void and your honorable court that relief be granted.

Dated this 23rd day of September, 2005.

Sincerely,

by: /s/

ERNESTO M. ALVAREZ

Laws which changes the punishment and inflict a greater punishment than the law annexed to the crime or offense when it committed, or which impose a new punishment in addition to that then prescribed are ex post facto and therefor unconstitutional.

RECEIVED
NOV 2 5 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS
OCT 0 6 2005
FILED _____
DOCKETED _____
DATE    INITIAL

To: 9th U.S. Circuit Court of Appeals

Fr: Ernesto M. Alvarez
CASE NO: CF0467-02

Re: Disposal Of The Case → I WANT TO APPEAL ALL THE ORDERS IN THE CASE # CF0467-02

Your Honor,

I would like to make a petition on my case. I believe I didn't receive a full and fair evidentiary hearing in a state court especially at the time of the trial. I have exhausted all available state remedies. I wrote my petition to a Superior Court trial judge, Hon. Alberto Lamorena III, Ethics Committee, Superior Court Council and the Supreme Court. I asserted a 'Constitutional Challenge' on gross abuse of discretion and violation of constitutional rights on due process of law and a fair trial regarding illegal or defective indictments. Although I knew I am right and the law is on my side. They tend to stop me but the people lose many times over. The people of Guam has a legitimate right in seeking the protection from the federal government.

Various Defects in trial proceedings

1. Violation of the Constitution:

The government is not permitted to harass and oppress individuals for multiple prosecutions or punishments for the same offense. It is unconstitutional, invalid, therefore is void. Multiple prosecutions or punishments doesn't apply in the same crime. It only applies on separate crimes. The Constitutional law called this 'Prosecutorial Vindictiveness'.

When the Attorney General filed a defective charges against the accused, it violates defendant's substantial rights. The rights and immunities secured and guaranteed by Constitutional Amendment 14 and Federal Law.

The issue in this case is a Prejudicial Question!

2. Validity of trial proceedings:

The charges brought against me, being aggravated offenses is inadmissible as evidence in court.

The court failed to quash the prosecution.

The appointed counsel failed to file a 'NO EVIDENCE MOTION' upon learning that there is a defect in the document. That the charging statute is a wrong one. To be certified to be used in a hearing.

3. Arraignment:

I was charge by magistrates' complaint with multiple prosecutions for the same offense. My original charges should only be attempted murder on three victims. Nothing more. They only have to determine guilt or innocence and the punishment should only be a single one. On minimum, medium or maximum, it depends upon the gravity of the case. They cannot charge me separately on them, otherwise, they're asking for multiple prosecutions or punishments.

The constitutional provisions says: Where the prosecutor has a choice of charging a defendant for the same offense under two statutes, one imposing greater penalty than the other, the decision to charge with greater penalty is the proper prosecutorial discretion that does not violate defendant's rights to due process of law.

So, its been amended and repealed. The lesser penalty charges of aggravated assaults, illegal possession of firearms and without identification doesn't apply because they're just elements of a crime. They're lesser penalty charges.

Any conviction or acquittal of lesser ingredients of principal or greater crime bars further prosecutions for greater crime. State v. Wolf (1962)

According to the constitution, any material change invalidates the indictment and the court loses the power to try the case.

4. Validity of Indictment:

When the court placed the case in the hands of the grand jury, the three attempted murder charges together with lesser ingredients becomes two attempted murder charges. The charges has been amended and repealed for the second time and this invalidates the indictments, again, the court loses the power to try the case.

New Jury assembled: (Judicial overreaching)

After two years and nine months, Judge Unzueta read the indictments, he said all the charges were the same crime and the indictment is nothing and instructed the jury just to determine the guilt. The judge didn't quash the prosecution, but it should have given me immunity under laws repealing former statutes.

Where a statute repealing former laws, either expressly or by implication, but making the same offense punishable, is for any reason, ex post facto as to offenses committed before its enactment, one who committed the offense before the new law went to effect cannot be convicted under either the old or the new, the former having been repealed and the latter being void as to that offense, and such offender must be discharged. US-In re Medley Colo. 103 SCt.

4. Double Jeopardy:

Even I have entered into a guilty plea on Ben Duarte attempted murder charge, but because I was acquitted by the grand jury on Jagoda attempted murder charge. The Duarte conviction is void. It's too late already to find me criminally liable for any attempted murder charges because any prosecution and conviction or acquittal on any part of the single crime bars subsequent prosecution as a whole of the same crime. State v. Birckhead (1966).

5. Validity of guilty plea:

I entered into a plea agreement because of deportation purposes only.

I entered into a plea because the jury is running the risk of convicting me for all the wrong reasons. The charges were unconstitutional, invalid and therefore void.

I entered into a plea because the prosecution is asking for a void proceedings, the judgment will be void, and although the constitutional law doesn't say that the judge or the jury can't ratify a fraud.

I entered into a plea because I've been on lockdown status for over two years and nine months now, in violation of 8th Amendment. It's an undue burden to me.

I entered into a plea because I realized that I'll be denied of due process and a fair trial.

I entered into a plea because my defense counsel Atty. Thompson repeatedly assures me that I'll be deported, but it makes me worried, according to him,

made a changes in the plea agreement. On p. 7 letter(j), 'your honor' made a changes in the wordings that says, 'If the defendant will not get deported, the defendant will serve 15 years at 'DOC'.

When I asked him about it, he said, Judge Unpingco doesn't want you to be running around the island, to show power, to tell everyone that he convicted you.

Again I asked, 'Suppose I don't get deported?', he said, 'it doesn't matter, you will get deported;' otherwise I'll withdraw the plea, and fight the case if we have too'.

If something goes wrong, I felt being railroaded, tricked, and cheated.

7. Validity of judgment or sentence:

There's nothing in the indictment can convict me according to Law, and that invalidates the judgment of conviction, an erroneous judgment, and since it is defective, therefor the sentence is unlawful. That's what happened when you treat same crime as separate crimes.

8. Voluntariness of confessions:

On 7-27-05, I have to make an admittance, I have to be found guilty and sentenced to 20 years because that's what the 'INS' requirements to get deported according to Atty. Thompson.

So when 'your honor' asked me to make a declaration, I said, 'there's a victim, he was injured, there are witnesses and I was present at Mariposa. During flight, when I was subdued by the police, they found a gun inside my car. At Agat precinct, I was interrogated by the Police and I made my confession. The act was committed'.

But in guilt, there must be a union of act and intent. A guilty act and a guilty intent. Without intent it is not sufficient to convict a person of attempted murder charges.

There's no motive according to the witnesses at the scene of the crime. No premeditation and deliberation the crime was committed, as far as psychology is concerned, it would be in the province of Dr. Kiffer and Dr. Ashe to reach a conclusion as to whether at the time of the shooting, lacked substantial capacity to comport defendant's behavior to the requirements of the law, by reason of mental disease or defect. And both doctors found me under delusion during time of the offense.

According to Dr. Kiffer, possibly he's experiencing stress-related amnesia, depression and sleep deprivation, which is one of the criteria for not guilty by reason of insanity.

According to Dr. Ashe, 'you may be competent now, but you may not be

competent during the time of the offense.

That I admit the conduct alleged in the charges but I'm not criminally responsible for conduct alleged in the charges because at the time of such conduct as a result of mental illness, disease or defect, I lacked substantial capacity to know or understand what I was doing, or to know or understand that my conduct was wrongful, or to control my actions. Therefor I'm not guilty by reason of mental defect.

8. Use of false, perjured or coerced testimony:

In magistrate's complaint, Atty. Irish R.S. Ada sworn under perjury.

The witness Danilo Baira didn't make the statement as revealed at the grand jury proceedings.

A Trial which officers of the state use as a means and contrivance to secure a conviction and deprive accused of his liberty through the deliberate deception of court and jury by the presentation of evidence known to be perjured.

9. I wrote two letters addressed to 'your honor,' Judge Steven S. Unpingco regarding (ADA) Atty. Fisher and Atty. Van de Veld's incompetency and dishonesty.

1. Memorandum Re: Appointed Counsel
    I Malpractice
    II Deprivation of Speedy Trial
2. Ineffective Assistance of counsel
    1. Counsel's failure to communicate with client
    2. Failure to assert relevant facts
    3. Waiver of speedy trial without client consent or knowledge.
    4. Failure to assert defenses.

10. Delay-on-trial:

The prosecution and defense lawyers were contributory in delay on trial. Either delay was occasioned by negligence or bad-faith on part of government or defendant was deprived of right to effective assistance of counsel. Miscellaneous delays were excessive. It's more than two years and nine months now, delay between filing of original indictment and bringing defendant to trial were not possible. They don't attack

5

each other to proceed. Just delay-on-trial alone, I should be discharged.

11. Conspiracy:

On closed door hearing. I informed, 'Your honor', that Atty. Maher defense counsel and Atty. Dianne Corbett, prosecution were in collaboration and in conspiracy.

That I asked Atty. Maher,' Why are you prosecuting me? You said I brought the gun to Mariposa. You said, I shot three people. You said that I will serve time.'

He answered, 'I'm working for your best interest. I spoke to Dianne Corbett seven times. Three times she said that you will serve time. You brought the gun to Mariposa. You shot three people.' I told 'your honor', that they speak the same language.'

Defense counsel, instead of defending the accused against the indictment, law and constitution. They used it against the accused.

12. Infringement of rights in connection with preliminary proceedings or hearing:

It is unlawful to commit a person when his substantial rights were violated during the preliminary examinations.

The indictment is illegal or defective. Due process requires, inter alia, creating and defining the offense and it also requires that the statute defining the crime must be valid and constitutional. Otherwise it is void, inadmissible as evidence. To proceed the case will constitute invasion of the constitutional rights of the accused, and abuse of discretion by the court.

13. Denial or granting of a continuance:

For one year and two months, Atty. VanDeVeld delayed the trial by postponement by means of continuance until he quits the case. Unwilling to defend the case. Disinterested. All he wants, for the defendant, to enter into a plea agreement.

14. The right to a jury trial or waiver thereof:

Everytime I asked Atty. Thompson of something, he'll say, 'I'll ask the AG. I'll tell the AG.' I said,' I wanna waive my jury trial?' He said, 'I'll ask the AG. I've never done it before. The government has to agree.' I almost ask Atty. Thompson, 'Who do you represent?'

15. Improper Conduct of The Office of The Attorney General:

No one in the Office of the Attorney General knew how to classify an offense when it comes to same crime.

6

It's long been unchallenged in Guam. The people bear many times over.

What the AG does, the constitutional law called it, 'Prosecutorial Vindictiveness.' Successive prosecution arising out of the same transaction constitute harassments in violation of due process of law.

16. 8th Amendment:

See: Notes I gave to Atty. Thompson, he promised to submit it in court as an exhibit. The court is duty bound by the Eight Amendment.

17. Suppression of evidence:

Approximately two years and nine months, the prosecution on July 13, 2005 filed my statement I gave to the Agat police. The statement is dated Oct. 15, 2002, about two or three hours after the incident. One of the witness is officer de Chavez, the arresting officer, who apparently was a witness to this purported statement.

The government has no right to suppress an evidence that can help the defendant in his defense. The juror suspected that I was surrounded in the bar area at Mariposa club. It shows in the statement that the victims were the first aggressor, it's a self-defense.

This is an incredible, unbelievable, egregious breach of professional ethics. Through deception, the prosecution withhold evidences to be used in the next trial. When they knew that they will lose the case. They'll ask for dismissal of the case 'without prejudice', then they'll refile the evidence they withhold. It will become a roller coaster of refiling and dismissal of the case. 'Real trial' were not supposed to deal in surprises. The AG used and abused the court for this purpose. 'Without prejudice' is not supposed to be commonly used in court. Judge decision whether right or wrong is a right decision and it's final. Lack of evidence is dismissed. It's not the fault of the court. It's how the police build the case, whether it will fly.

18. Betrayal of Public Trust:

In the newspaper, Attorney General, Douglas B. Moylan said that I'm a threat to the community that's why his office is in full support of my deportation.

Excuse me! Who is the real threat here?

I'm not a holder of office with a lot of staff that prosecute the citizens of Guam and other U.S. inhabitants and deprive them of their rights and immunities.

7

secured and guaranteed by Const. Amend. 14 and Federal Law charging them with aggravated offense. It's a grave abuse of discretion. Denial of due process and a fair trial.

The government is not permitted to harass and oppress citizens to multiple prosecutions or punishment for the same offense. The AG deliberately abuse their discretion.

A "Mass Tort", through the years, thousands have suffered from false imprisonment, fraudulent trial, and wrongful convictions in a criminal case by reason of a willful and malicious conspiracy carried out by public prosecutors acting under guise of state law.

The Office of the Attorney General is not above the law. It is a violation of Federal Law to knowingly, conspire and deprive U.S. inhabitants of rights and immunities protected by her constitution. Because of your grave abuse of discretion, it's just a matter of time. You and your people will be charged of multiple prosecutions or punishments, not on the same crime but on separate crimes. The dockets of the court were crowded affecting it.

For your information, what I did out there is what you called Criminal intelligence. Proactive intelligence, study of structure, trend, scope of any illicit organizations, groups or individual. The Task Force what they does is reactive intelligence. They do surveillance, build up the case and make an arrest.

I just become sympathetic to the victims of drug dealers and I elect myself to become a public servant without pay, because.... In the container homes, I saw this young female local teenagers, crying, sweating and shaking. She loses a lot of weight but you can still see in her face how pretty she was. I asked myself, "What have they done to her. Ernie, what will you do?" I don't have an answer, instead I went inside my room and start to cry. I knew my life changed that day.

Prosecutor Atty. Dianne Corbett spoke to some high ranking law enforcements. They told her that I'm instrumental for incarceration of several serious drug-dealers and it endangered my life.

The Task Force housed me in one of the Motel at Asingan out of fear of being harmed or be killed by hired hit-men.

All the victims in this case were all drug-dealers.

Sincerely,

[signature]
8/25/05