To: Judge, U.S. District Court
c/o Clerks of Court

Fr: Ernesto M. Alvarez
CF0467-02

Re: Petition for Habeas Corpus Relief

FILED
DISTRICT COURT OF GUAM
DEC - 6 2005
MARY L.M. MORAN
CLERK OF COURT

CV-05-00036

Your Honor,

My Constitutional rights was violated by the state. I was charged with illegal and defective indictments. Because of that in regards to my confinement, I was unlawfully committed. I was on lockdown for (3) years now and my 8th amendment rights were violated.

On the other hand, if legislation directs the granting of an emolument or privileges to an individual or class without any purpose, expressed or apparent, to serve the public welfare thereby, the courts have a duty to declare such legislation unconstitutional.

Your Honor, I'm appealing to your honorable court because I already exhausted my petition from the state. (See: attached documents).

I believe the Chambers of Judge Steven S. Unpingco sealed the records of my case. But the various defects in trial proceedings in my letter will support the underlying facts of the case.

Defendant insisted that he was innocent and yet he couldn't stand trial. What was the solution for such an impasse? The law, in its wisdom provided one. It is called the 'Alford Plea'. It permitted the defendant to assert that he was innocent, but he was willing to plead guilty in order to avoid the ordeal, expense, and uncertain outcome of a trial. It was the perfect instrument to extricate us from our predicament. But it required the agreement of the prosecutor, and then the approval of the court.

The government is not permitted to harass and oppress individual by multiple prosecutions or punishment for same crime. The statute may be valid but the classification of an

offense is void. They aggravate the offense. It violate the double jeopardy rule of the fifth amendment of the federal constitution. It is inadmissible evidence in a court of law.

FILED
DISTRICT COURT OF GUAM
DEC -6 2005
MARY L.M. MORAN
CLERK OF COURT

Note:

Therefore any punitive impact the statutes might have on the defendant will in purposes of the ex post facto, bills of attainder, double jeopardy, and cruel and unusual punishment clauses.

Inspite of that, I was sentenced (15) years, with all but three (3) years shall be suspended based on 'DOC' computation, to released Oct. 13, 2005, but INS put a detainer on me, issued a warrant for my arrest and I was charged of Section 237(a)(2)(A)(iii) of Immigration and Nationality (Act) based on Superior Court conviction and felony charged.

Your Honor, I'll have no doubt whatever your decision may be, I'll be satisfied, I'll leave everything in your sense of fairness.

Dated this 27th day of November, 2005.

Sincerely,

by: [signature]
ERNESTO H. ALVAREZ

Invasion of Constitutional Rights:

The Chamorro people lose many times over. Guam doesn't have Constitution and the AG and Judiciary system considered the 14th amendment and federal law as a mere-nonsense. 'Illegal and defective indictments', it's long been unchallenged in Guam. The AG aggravates the offense and successive prosecutions arising out of the same transactions is a denial of due process.

To shrink from the truth is to limit our freedom. This applies not only in National as well as personal scale. When the truth is hidden by the government of a democratic society, that society becomes fatally flawed until the truth is revealed.

Your Honor,

In my understanding, the role of Federal is to see to it that every state uphold the constitution and follow the law. Guam need Federal guidance for the 'public good'.

When there's a long train of abuses and usurpations pursuing invariably the same Object, evinces a Design to reduce them...

ERNESTO M. ALVAREZ
CF0467-02

# LETTERS SENT
## CONSTITUTIONAL CHALLENGE

1. ETHICS COMMITTEE
2. OFFICE OF THE ATTY. GENERAL = DOUGLAS B. MOYLAN
3. ATTY. JAMES M. MAHER
4. PHILIPPINE CONSULATE = MR. GIL VILLAMIN
5. KUAM c/o M. JIMENEZ
6. PDN = DAVID CRISOSTOMO c/o MAI-MAI
7. CORP. DAVID QUITUGUA
8. GOV. FELIX CAMACHO
9. GUAM LEGISLATURE = ATTY. THERESA TORLAJE
10. PUBLIC DEFENDERS SERV. CORP. = ATTY. JANE KENNEDY
11. SUPREME COURT OF GUAM = CHIEF JUSTICE CARBULLIDO
12. MAYORS COUNCIL OF GUAM = ALL MAYORS 3/5/05
13. U.S. ATTORNEY 3/8/05
14. HON. ALBERTO C. LAMORENA III = 3/9/05
15. FBI 3/14/05
16. GCC = CRIM. JURI. ACADEMY = 3/15/05
17. DISTRICT COURT OF GUAM = U.S. DIST. COURT
18. THE PUBLIC GUARDIAN = 3/18/05
19. ETHICS PROSECUTOR = 3/23/05
20. SEN. LOU LEON GUERRERO = 3/25/05
21. ATTY. SHAPIRO = 3/27/05
22. SEN. EDDIE CALVO = 3/30/05
23. ACLU = 4/01/05
24. SEN. JOANNE BROWN = 4/04/05
25. HON. MADELAINE BORDALLO = 4/06/05
26. 9TH U.S. CIRCUIT CT. OF APPEALS = 4/06/05
27. SEN. ADOLPHO PALACIOS
28. RUTH + SUSAN = INFIRMARY
29. PHILIPPINE CONSULATE
30. PRES. GEORGE BUSH = 4/20/05
31. SEC. GALE NORTON
32. ETHICS COMMITTEE
33. REP. RICHARD POMBO = 4/28/05
34. PRES. GEORGE BUSH = 5/01/05
35. SUPREME CT. OF GUAM = CHIEF JUSTICE CARBULLIDO
36. PHILIPPINE CONSULATE
37. SEN. MARK FORBES = 6/07/05
38. SEN. RAY TENORIO = 6/09/05
39. SEN. ROBERT KLITZKIE
40. SEN. FRANK AGUON = 6/08/05
41. ETHICS PROSECUTOR = ATTY. TOLENTINO
42. DR. KIFFER = PSYCHOLOGIST
43. HON. ALBERTO C. LAMORENA III
44. SUPREME CT. OF GUAM = CHIEF JUSTICE CARBULLIDO
45. GUAM LEGISLATURE = ATTY. THERESA TORLAJE
46. SEN. EDDIE CALVO
47. FBI
48. US IMMIGRATION AND NATURALIZATION
49. DISTRICT COURT OF GUAM
50. FBI
51. US IMMIGRATION AND NATURALIZATION
52. 9TH U.S. (DIST) CIRCUIT COURT OF APPEALS
53. SUPERIOR COURT OF GUAM = APPEAL ORDER CF0467-02
54. GUAM JUDICIAL COUNCIL BOARD
55. ATTY. MITCHELLE THOMPSON
56. ETHICS PROSECUTOR = ATTY. TOLENTINO

To: Chief Justice Carbullido
    Supreme Court of Guam

Fr: Ernesto M. Alvarez
    CF0467-02

Re: Review De Novo

Your Honor,

　　I would like to request an evidentiary hearing on my case. That the hearing judge considered improper evidence in making the determination. The proceedings are invalid on its face.

## Various Defects in Trial Proceedings

1. <u>Violation of the Constitution:</u>

　　When the Attorney General filed an illegal or defective charges against the accused, it violated defendants substantial rights, the rights and immunities secured and protected by Constitutional Amendment 14 and Federal Law.

　　Statute undertaking to legalize criminal proceedings of a court, had without proper jurisdiction, is unconstitutional and void, being a deprivation of liberty otherwise than by the law of the land. Me — State v. Doherty, 60 Me. 504.

　　The government is not permitted to harass and oppress individuals for multiple prosecution or punishments for the same crime.

　　Multiple prosecutions or punishments doesn't apply in the same crime. It only applies on separate crime. Because the burden of proof is for the prosecutor to prove that there were two separate crime.

2. <u>Arraignment = (10-16-02)</u>

　　My original charge should only be attempted murder (3 counts). Nothing more. The court should only determine the guilt or innocence on the charge. The punishment should only determine the guilt or innocence on the charge. The punishment should only be one,

in minimum, medium and maximum. It depends upon the severity of the offense. Accused should not receive two separate punishments for two separate acts arising out of the same conduct.

But instead, I was charged with aggravated offenses. It's been amended and repealed.

According to the constitutional provisions; where the prosecutor has a choice of charging a defendant for the same offense under two statutes, one imposing greater penalty than the other, the decision to charge with greater penalty is the proper prosecutorial discretion that does not violate defendant's right to due process of law.

It means, I cannot be charged with lesser penalty charges of aggravated assaults, illegal possession of firearms and without identification. They're just elements of the crime. Why?

Double jeopardy: Where a lesser offense is a necessary ingredient or component part of the principal or greater offense and emanates from the same transaction, then conviction or acquittal of the lesser, bars further prosecution for the greater crime. State v. Wolf (1966)

3. <u>Validity of indictment</u>: (10/2002)

When my case was placed to a grand jury trial, the three attempted murder charges becomes two attempted murder charges. I was acquitted by the grand jury on Jaganda attempted murder charges. The charges was amended and repealed for the second time and this invalidates the indictment, and (and) the court loses the power to try the case, and because the indictment is an aggravated offense. It is inadmissible evidence.

4. <u>New Jury assembled</u>: (7/2005)

After judge Unpingco learned of my constitutional challenge and when he read the indictment, he said all the charges were the same crime, and the indictment is nothing and instructed the jury just to determine guilt, but judge Unpingco didn't quash the prosecution, however, it gives me immunity.

Immunity under laws repealing former statutes: When a statute repealing former laws, either expressly or by implication, but making the same offense punishable, is for any reason, ex post facto as to offenses committed before its enactment, one who committed the offense before the new law went to effect cannot be convicted under either the old or the new, the former having been repealed and the latter being void as to

2

that offenses, and such offenders must be discharged. U.S.-In re Medley, Colo. 103 S.CT.

5. <u>Validity of trial proceedings:</u>

The charges brought against me are inadmissible as evidence in courts of law.

Questions before court: It is the duty of the court, in the control of its proceedings, to see to it that no person shall be subjected to the expense, vexation, and contumely of a trial for a criminal offense unless the charge has been investigated and a reasonable foundation shown for an indictment or information. US v. Farinepa DCNY 1881-FF343.

1. The court failed to quash the prosecution.

2. The appointed counsel failed to file a 'NO EVIDENCE MOTION', based on a defect in the document, upon discovering that the charging statute were the wrong one, certifying it for use in a hearing.

3. The prosecution failed to dismiss the indictment with prejudice, withdrew the case and justice has been served. Because the public prosecutor is not just to convict but to act in the interest of justice.

6. <u>Validity of guilty plea:</u> ((2) plea agreement /signed).

That on 7-22-05, defense counsel Atty. Thompson, by phone spoke to me. He said that prosecutor Atty. Dionne Corbett is offering a plea: (3) years time served and deportation. He advised me to take it.

That on 7-23-05, Atty. Thompson came to visit me at 'DOC' with a plea-agreement. He explained to me page 2 # 5(a)... charge of attempted murder (1st Degree) the Defendant shall be sentenced (25) years imprisonment at 'DOC', with all but three (3) years shall be suspended..., and on page 7, letter (j), If and when the Defendant is deported .... all remaining .... terms and conditions .... shall be suspended.

That on 7-27-05, a plea agreement hearing, at the holding cell Superior Court, Atty. Thompson said that the judge made changes, that I cannot return to Guam or any U.S. territories for 20 years. The rest of the conditions of the plea, he said, no changes.

Atty. Thompson testified the reason he asked one month allowance before sentencing is because it takes two weeks for 'INS' to stamp the deportation papers.

3

Later on Atty. Thompson said that the judge made another changes and we waited one hour for Atty. Corbett to typed it down. When Atty. Thompson brought me the plea, on p. 7, letter (j) it says, "If the Defendant is not deported, the Defendant will serve fifteen (15) years at the Department of Corrections." Then, I argue about it with Atty. Thompson, I even asked, why not in lesser charge and lesser sentence. They've offered me (6) years in the past, but Atty. Thompson said, "it doesn't matter, you'll be deported."

7. **Voluntariness of confessions**: (Atty. Thompson said/how to make an admission)

So when Your Honor asked me to make a declaration, I said, there's a victim, he was injured, there were witnesses and I was present at Mariposa Club. During flight, when I was subdued by the police, they found a gun inside the car. At Agat precinct, I was interrogated by the police and I made my statement. Anyway, the statement I gave were all in the discovery and the evidence suppressed by prosecution and submitted on July 13, 2005.

But in guilt, there must be a union of act and intent. A guilty act and a guilty intention, without specific intent, it is not sufficient to convict a person of attempted murder charge.

There's no motive, according to the witnesses at the scene of the crime. No premeditation and deliberation to commit the crime. As far as psychology is concerned, it would be in the province of Dr. Kiffer, the psychologist and Dr. Ashe, the psychiatrist to reach a conclusion as to whether at the time of the shooting, the defendant lacked substantial capacity to comport his behavior to the requirements of the law, by reason of mental disease or defect, and both doctors found me under delusion during the time of the offense.

According to Dr. Kiffer, possibly he's (suffering) experiencing stress-related amnesia, depression and sleep deprivation which is one of the criteria for not guilty by reason of insanity.

According to Dr. Ashe, "You may be competent now, but you may not be competent during the time of the offense."

Because I was worried, at the holding cell after the hearing, I asked Atty. Thompson again about the changes of wordings at the plea-agreement, "Why did Your Honor do that?" He said, "He doesn't want you to be running around the island, to show power,

4

to tell everyone he convicted you".

I entered into a plea because the jury is running the risk of convicting me for all the wrong reasons. Because the indictment is void. The AG is asking for a void proceedings, therefor the judgment is void. Although the constitution doesn't say that the court or jury can ratify a fraud. A fraudulent trial.

I entered into a plea under duress because I've been on lockdown status for over two years and nine months now and just to end my ordeal, it's an undue burden to me.

I entered into a plea because I feel I'm denied of due process and fair trial.

The plea-agreement regardless of what language it uses constitute multiple punishments. It is harsh and oppressive, cruel and unusual. It increases the punishment, and that invalidates the plea. It is an ex post facto because it works for the defendants disadvantages. It violates the 5th amendment of the Federal Constitution on double jeopardy grounds. Some judges are opposed to a plea-agreement.

8. **Double Jeopardy:**

It was defined as, "No person shall be charge twice for the same offense".

Even I have entered into a plea guilty on Ben Duarte attempted murder charge, but because I was acquitted by the grand jury on Jagoda charge. The Duarte conviction is void. I cannot be convicted on any attempted murder charges. It would be in violation of double jeopardy rule of the 5th amendment of the Federal Constitution, that says; Any prosecution for and a conviction or acquittal of part of a single crime is a bar to any subsequent prosecution based upon the whole or any part of the same crime. State v. Birckhead (1962) 256, NC 494, 124 SE2d 888, 6 ALR3d 888. So there's nothing in the indictment to convict me. That's what happened when you treat the "same-crime" as a "separate-crime".

9. **Validity of judgment of conviction or sentence:**

The court may be without power or authority to enter declaratory judgment.

The court must not issue order or judgment which is beyond its power, or authority or in excess of jurisdiction, and an order or judgment is erroneous.

5

Therefore the sentence is unlawful. Judgment must be just and proper as required by the case.

10. <u>Lack of jurisdiction of the trial court.</u>

The legislature will not allow an amendment as a matter of substance to prejudice the accused.

1st amendment is during arraignment, the proper charge of attempted murder (3 counts) were replaced by aggravated offenses, with greater and lesser penalty charges.

2nd amendment is in the hands of grand jury. The (3) attempted murder charges was reduced to (2) attempted murder charges with lesser penalty charges.

3rd amendment is after a new jury was assembled when judge Unpingco announces the indictments as the same crime. Expressly or by implication making the same offense punishable is ex post facto.

4th amendment is the plea agreement: Defendant entered into (1) attempted murder conviction and the rest of the charges was dropped.

According to the constitution: Any material change invalidates the indictment and the court loses the power to try the case.

No court tribunal is competent to try the offense.

11. <u>Corruption of prosecuting authorities or their improper conduct:</u>

No one at the Office of the Attorney General knew how to classify an offense when it comes to "same-crime". The AG applied malicious prosecution by aggravating the offense. It is an invasion of prosecutorial discretion. The Public loses many times over.

The constitutional law called it, "Prosecutorial Vindictiveness", successive prosecutions for crimes arising out of the same transactions constitute harassment in violation of due process of law.

12. <u>Use of false, perjured or coerced testimony:</u>

In magistrate's complaint, Atty. Trish R.S. Ada sworn under perjury.

The witness Danilo Baisa didn't make the statement as revealed by the grand jury proceedings, and it became the basis of my excessive bail of $500,000 dollars.

A Trial which officer of the state use as a means and contrivance to secure a conviction and deprive accused of his liberty through the deliberate deception of court and jury by the presentation of evidence known to be perjured.

13. <u>Infringement of rights in connection with preliminary proceeding or hearing:</u>

It is unlawful to commit any person when his substantial right has been violated during a preliminary examination. Herbert v. Sct. of Sacramento County (1981 3d Dist.) 117 Cal. App.3d 661, 172 Cal. Rptr. 850, 19 ALR 4th 1276.

"Real question... is whether the person accused has been deprived of a substantial right by reason of the change." Cal-People v. Edenburg 263 P 857, 860, 88 Cal. App. 558.

14. <u>Suppression of evidence:</u>

The government violated the rules of evidence. The government is not allowed to suppress evidence that the defendant can use in his defense. The prosecution on July 13, 2005 filed my statement I gave to the Police on Oct. 15, 2002. The prosecution withheld the evidence to the grand jury. The jurors suspected that I'm surrounded at the bar area of Mariposa Club. The statement shows that the victims were the first aggressors and it's a self-defense. After two years and nine months before the prosecution filed the evidence. The defendant was prejudiced.

15. <u>Failure to confront accused with adverse witnesses:</u>

Ofcr. Chavez arresting ofcr. didn't testify during grand jury proceedings.

The prosecution filed an additional witness lists on July 13, 2005 in which the prosecution failed to file them on October 2002 during the grand jury proceedings.

This is the most unbelievable, incredible, egregious breach of professional ethics.

Through deception, the prosecution withheld evidences that they can use in the next trial when they realized that they will lose in the case. All they have to do is ask for a 'dismissal without prejudice' then they'll file the evidence they've suppressed. The case will become a roller-coaster of refiling and dismissal of the case. The trial becomes 'unreal', in 'Real trial' we're not supposed to deal in surprises. The 'AG' used and abused the court for this purpose. Decision of 'without prejudice' is not supposed to be commonly used in court but seems standard in Guam Courts. Judge decision whether right or wrong is a right decision and is final, otherwise it shows that the trial judge cannot make up his mind and cannot make decision. Even how painful

7

it is to accept, lacked of evidence is dismissed. It's not the fault of the court. It's how the police build the case, whether it will fly. A charge must have sufficient standard of guilt. Evidence that will paint the offender, motive, probable cause, witnesses, etc...

16. <u>Domination of the trial by a mob:</u>

People can get committed to their position and break the rules.

2-01-05. Closed door hearing. I informed "Your Honor", that Atty. Dianne Corbett and Atty. Maher were in collaboration and in conspiracy. At 'DOC', I asked defense counsel Atty. Maher, 'Why are you prosecuting me? You said I brought the gun to Mariposa Club, you said I shot three people, you said I will serve time'. He said, "I'm working for your best interest. I communicated with Dianne Corbett seven times. She said you will serve time. You brought the gun to Mariposa. You shot three people". I told the court that they speak the same language.

Defense counsel, instead of defending defendant against the indictment, law and the constitution, they're using it against him.

I've been harassed by my defense lawyers for over two years just to get into a plea-agreement. It is a trial-by-Ordeal, not a trial in court in which the constitution guarantees.

17. <u>Denial or granting of continuance:</u>

For over a year, defense counsel Atty. Van De Veld delayed the trial by means of continuances. Unwilling to defend my case. Disinterested. Atty. Van De Veld withdrew from my case during trial, and the trial proceedings was reduced to a farce.

18. <u>I wrote two letters</u> addressed to judge Steven S. Unpingco regarding 'APA' Atty. Fisher and Atty. Van De Veld's incompetency and dishonesty.

   1. Memorandum RE: Appointed Counsel
      I. Malpractice
      II. Deprivation of Speedy Trial
   2. Ineffective Assistance of counsel.
      1. Counsel's failure to communicate with client
      2. Failure to assert relevant facts
      3. Waiver of speedy trial without client consent or knowledge.
      4. Failure to assert defense.

8

19. <u>Delay-on-trial</u>:

The prosecution and defense lawyers were contributory in delay-in-trial. Either delay was occasioned by negligence or bad-faith on part of government or defendant was deprived of right to effective assistance of counsel. Miscellaneous delays were excessive. It's more than two years and nine months now; delay between filing of original indictment and bringing defendant to trial were not possible. They don't attack each other to proceed. Just delay-on-trial alone I should be discharged. The Delay-in-trial is unreasonable as a matter of law.

20. <u>The right to a jury trial or waiver thereof</u>:

Every time I asked my defense counsel Atty. Thompson of something, he'll say, 'I'll ask the AG, I'll tell the AG.'; I said, 'I wanna waive my jury trial?' He said, 'I'll ask the AG, I've never done it before. The government has to agree.' I almost ask Atty. Thompson, 'Who do you represent?'.

21. <u>Abuse of Person in Authority</u>:

10-15-02. Approx. around 4:00 A.M. I asked ofr. Chavez, arresting ofr., 'How did you arrived on all those charges?' 'Oh, it's just like that, the "AG" will be dismissing some of them,' he said.

When Atty. Maher visited me at "DOC", and I mentioned to him my improper charges, with greater and lesser penalty. He said, "it's legal here in Guam", and at the holding cell, Superior Court during competency hearing on 12-03-04, and I repeated to him about the improper charges, he said, "9th circuit, O.K. it." Defense counsel should defend and protect the rights of his clients and try not to lie.

Several times I was threatened by Atty. Van De Veld that if I don't enter to a plea my sentence would not be less than 150 years.

According to Atty. Thompson and Atty. Van De Veld, I may not get convicted of an attempted murder charge, but Atty. Thompson repeated two times, "You will lose, you will lose, you will serve time. You'll be convicted of aggravated assaults, possession of an unregistered firearm and without identification and the judge will be forced to sentence you," and the way he describe it, it's in the range of reclusion temporal

to reclusion perpetua, 20 to 30 years.

22. <u>8th Amendment</u>:

The court is duty bound by the Eight Amendment.

See: Notes I gave to Atty. Thompson, he promised to submit it in court as an exhibit. I didn't get any judicial relief.

23. <u>The question of deprivation of a fair trial</u>:

I believe that judge Steven S. Unpingco had never done any ruling in discharging an accused on double jeopardy grounds. Never had quash the prosecution on same crime.

The appointed counsel were all irresponsible, incompetent and dishonest.

The charging statute is so vague and inadequate that the accused is unable to answer.

Discrimination in the application of statute. Evidence inadmissible in courts of law.

Prosecutorial and judicial overreaching. Gross negligence and intentional misconduct.

The AG and Guam judicial system violates the constitution by betrayal of public trust.

Defendant was denied of due process and a fair trial.

The jury is running the risk of convicting the defendants for all the wrong reasons.

Defendant's constitutional rights were violated by the state.

The proceedings is defective on its face. It's useless to fight this case in court. Defendant is running the risk of possible conviction and long period of incarceration.

24. <u>Denial of fair-trial because of Prejudicial Pre-trial Publicity</u>.

People heard, watched and read media reports.

The media covered the incident during the night in question.

Based on the foregoing, I would like to request for the dispersal of this case.

Dated this <u>30th</u> of September, 2005.

Sincerely,

by: [signature]

ERNESTO M. ALVAREZ

10