To: Judge, U.S. District Court
c/o Clerks of Court

From: Ernesto M. Alvarez
CF0467-02

Re: Petition for Habeas Corpus Relief

FILED
DISTRICT COURT OF GUAM
DEC - 7 2005 gp
MARY L.M. MORAN
CLERK OF COURT

Your Honor,

    As you can see in the judgment, the punitive intent of judge Steven Unpingco is to get me punished. I was dismissed to (3) victims and I still have the obligation to pay for the restitution. The plea-agreement is unconstitutional, invalid and void.

    Especially, when you see the plea-agreement, how thick it is, it shows too much intervention of the government on the personal liberty of an individual. Regardless of what language they used in the plea, it constitute multiple punishments, it doesn't apply in the same crime. Judges who understand multiple prosecutions and punishments for the same crime were opposed to plea-agreement. Even my defense lawyer said that the plea are impossible to meet.

    Actually, judge Unpingco, being a Constitutional professor, after learning my Constitutional Challenge wished not to proceed the case, that is why it took two years and nine months harrassments by prosecution, defense counsel and the court before I entered into a plea. My Eight Amendment were violated. I've been on lockdown status for three years as of this time.

    Your Honor,

    I can only wished for your assistance and guidance on these matters. I hope and pray that you may find some Constitutional violations in the conduct of this case that may set-aside the judgment of the Superior Court on my case CF0467-02 and warrant for my discharge.

    Based on the foregoing, defendant request your Honor for the disposal of the case.

Sincerely,



**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**General Crimes Division**
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3406 ● (671) 477-3390 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail.com

**Attorneys for the People of Guam**

# IN THE SUPERIOR COURT OF GUAM

# HAGÅTÑA, GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | CRIMINAL CASE NO.**CF467-02** |
| ) | GPD REPORT NO. 02-13705 |
| vs. ) | |
| ) | |
| **ERNESTO MAURICIO ALVAREZ,** ) | |
| DOB: 09/23/52 ) | |
| SSN: 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 ) | |
| Defendant. ) | |

## J U D G M E N T

On **July 27, 2005,** came the attorney for the People, Assistant Attorney General **DIANNE H. CORBETT,** and the Defendant appeared with **MITCHELL F. THOMPSON, ESQ.,** counsel, and the Defendant having moved to change his plea of NOT GUILTY to that of GUILTY of the offense of **ATTEMPTED MURDER (As a 1st Degree Felony), in violation of 9 G.C.A. §§ 16.40(a)(1), 16.40(b) and 13.10,** as contained in the Indictment filed in this case.

The Court informed the Defendant of the effect of the plea entered and asked him whether he insists on his plea or not.

The Defendant persisted on his plea of GUILTY of the offense of **ATTEMPTED MURDER (As a 1st Degree Felony).**

Page 1
JUDGMENT - P. vs. ERNESTO MAURICIO ALVAREZ
Superior Court of Guam Criminal Case No. CF467-02 ssc:KET\PEOPLE\A\ALVAREZ\JUDGMENT-FELONY\MURDER\02-13705.WPD

Case 1:05-cv-00036    Document 3    Filed 12/07/2005    Page 2 of 7
ORIGINAL

The Court then addressed the Defendant personally and found that the plea is made voluntarily with an understanding of the nature of the charge and consequences of his plea. The Court further found to its satisfaction that there is a factual basis for the plea.

The Court accepts Defendant's plea of GUILTY and based on his plea, a JUDGMENT of GUILTY is hereby entered. Sentencing was held on **September 9, 2005.** Present at the sentencing were Assistant Attorney General **DIANNE H. CORBETT** for the People, Defendant and Defendant's counsel, **MITCHELL F. THOMPSON, ESQ.**

**WHEREFORE, IT IS HEREBY ORDERED** as follows:

1.    That for the offenses of **ATTEMPTED MURDER (As a 1st Degree Felony),** the Defendant, **ERNESTO MAURICIO ALVAREZ**, is sentenced as follows:

    a.    That as to the charge of **ATTEMPTED MURDER (As a 1st Degree Felony),** the Defendant shall be sentenced to fifteen (15) years imprisonment at the Department of Corrections, with *all but* three (3) years shall be *suspended*. The sentence shall include a special parole term of not less than three (3) years in addition to such term of imprisonment;

    b.    That Defendant shall pay a fine of ten thousand dollars ($10,000.00), towards the Criminal Injuries Compensation Fund. A payment plan may be arranged with the Adult Probation Office. All or part of the fine imposed may be converted to community service work under the direction of the Alternative Sentencing Office at a rate of $5.15 per hour;

    c.    That Defendant shall be held liable for full restitution pursuant to 9 GCA § 80.50(e) to the victims: *Armando G. Barrogo* in the amount of **Eight Hundred Seventy-Eight and 40/100 Dollars ($878.40);** *Ben V. Duarte* in the amount of **Four Hundred Ninety-Six and 98/100 Dollars ($496.98)**, and *Maria Theresa Tagarda* in the amount of **Four Hundred Eighty-Seven and 17/100 Dollars ($487.17),** of his actions, totaling **One Thousand Eight Hundred Sixty-Two and 55/100 Dollars ($1,862.55)**. Defendant shall pay said restitution in monthly installments to be

Page 2
JUDGMENT - P. vs. ERNESTO MAURICIO ALVAREZ
Superior Court of Guam Criminal Case No. CF467-02     ssc:K:\HOME\CALLAWAY\JUDGMENT\FELONY\MURDER\02-13705.WPD
Case 1:05-cv-00036     Document 3     Filed 12/07/2005     Page 3 of 7

1    arranged by the Adult Probation Office and shall pay it in full prior to the termination

2    of his parole;

3    d.    That during the Defendant's term of incarceration, the Defendant shall undergo a

4          psychological evaluation to be conducted by the Department of Corrections

5          psychologist. The Defendant shall follow all treatment plans, including counseling,

6          as may be recommended by the Department of Corrections psychologist.   If,

7          however, the Department of Corrections determines that it is unable to provide the

8          necessary services for the Defendant, the Department of Corrections may refer the

9          Defendant to another entity, agency, and organization, including the Client Services

10         and Family Counseling Division of the Superior Court of Guam or the Department

11         of Mental Health and Substance Abuse, for proper treatment.   If a referral by the

12         Department of Corrections is made, the receiving entity, agency, and organization is

13         authorized to accept the Defendant;

14   e.    That during the Defendant's term of incarceration, it is recommended that the

15         Defendant undergo a drug and alcohol assessment, and follow all treatment plans as

16         may be recommended by the Department of Mental Health and Substance Abuse

17         drug and alcohol assessment counselor/chemical dependency treatment specialist;

18   f.    That during the Defendant's term of incarceration, the Defendant shall not contact

19         *Armando G. Barrogo, Ben V. Duarte, Maria Theresa Tagarda*, in person, by

20         telephone, in writing, or through a third party, including a family member or friend;

21   g.    That Defendant shall be placed on special parole for a period of three (3) years

22         parole;

23   h.    That during his three (3) years parole, he shall comply with the conditions of parole

24         specified in 9 GCA § 80.80, and the following conditions are recommended to the

25         Parole Board:

26         i.    Defendant shall stay away, directly and indirectly, from the victims, namely,

27               *Armando G. Barrogo, Ben V. Duarte*, and *Maria Theresa Tagarda*.   The

28

Page 3
JUDGMENT - P. vs. ERNESTO MAURICIO ALVAREZ
Superior Court of Guam Criminal Case No. CF467-02    ssc:K\HOME\CALLAWAY\JUDGMENT\FELONY\MURDER\02-13705.WPD
Case 1:05-cv-00036    Document 3    Filed 12/07/2005    Page 4 of 7

Defendant shall not contact the same by telephone, in writing, or through a third party, including a family member or friend;

ii.    Defendant shall not come within five hundred (500) feet of *Armando G. Barrogo, Ben V. Duarte*, and *Maria Theresa Tagarda*;

iii.   Defendant shall stay away from the residence, dwelling, school, day care center, or place of employment of the victims, *Armando G. Barrogo, Ben V. Duarte*, and *Maria Theresa Tagarda*, or any other specified place, and shall not come within five hundred (500) feet of the above specified places;

iv.    Defendant shall not attend any function and establishment, including family and social functions, if he knows or becomes aware that the victims, *Armando G. Barrogo, Ben V. Duarte*, and *Maria Theresa Tagarda*, will be present. Upon becoming aware of the victim's presence, or planned presence, the Defendant shall immediately leave the function or establishment;

v.     Defendant shall not threaten, physically strike, or injure the victims, *Armando G. Barrogo, Ben V. Duarte*, and *Maria Theresa Tagarda*;

vi.    Defendant shall perform one thousand (1,000) hours of community service work, which may be preformed while incarcerated at the discretion of the Director, Department of Corrections;

vii.   Defendant must attend and complete and pay the $200 tuition fee of an Alcohol Treatment Program as ordered by the court;

viii.  Defendant shall comply with and pay fees to the Superior Court of Guam for Group Treatment through the Client Services and Family Counseling Division, Individual Counseling or Psychological Evaluation through the Client Services and Family Counseling Division, and the Domestic Abuse Project Workshop at the Alternative Sentencing Office, in compliance with the court's order in Special Proceedings No. SP0325-97;

Page 4
JUDGMENT - P. vs. ERNESTO MAURICIO ALVAREZ
Superior Court of Guam Criminal Case No. CF0167-02    ssc:K:\HOME\GAIL-AWAY\JUDGMENT\FELONY MURDER\02-13705.WPD

Case 1:05-cv-00036    Document 3    Filed 12/07/2005    Page 5 of 7

ix.     Defendant shall report to the Department of Mental Health and Substance Abuse for an intake and a drug and alcohol assessment, and follow all treatment plans as may be recommended by the Department of Mental Health and Substance Abuse drug and alcohol assessment counselor;

x.     Defendant shall attend and successfully complete the Anger Management Program administered by the Adult Probation Office;

xi.     Defendant shall comply with all after-care treatment program recommended by the Department of Corrections' counselors;

xii.     Defendant shall report to the Parole Officer once a month in person, or as ordered by the Parole Board;

xiii.     Defendant shall seek and attempt to maintain full-time legitimate employment, effective immediately, and that the Parole Officer shall monitor Defendant's progress on a monthly basis;

xiv.     Defendant shall not possess or consume any alcoholic beverages, and shall not enter any establishments whose primary business is selling alcoholic beverages;

xv.     Defendant shall not possess or consume any illegal controlled substances;

xvi.     Defendant shall stay away from all firearms, and is not to possess, carry, transfer, or use any firearms;

xvii.     Defendant shall forfeit the firearm, the ammunition clip, and the rounds of ammunition confiscated in this case to the Guam Police Department for its use, sale, or destruction, **if any**;

xviii.     Defendant shall forfeit his firearm identification card to the court and shall not reapply for another one;

xix.     Defendant shall not apply for, possess, or own a firearm identification card;

xx.     Defendant shall submit to random alcohol and drug testing under the supervision of the Parole Officer;

xxi.     Defendant shall permit the parole officers and law enforcement officers to search his person, residence, and vehicles for firearms, alcohol and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of parole;

xxii.     Defendant shall comply with any court orders entered against the Defendant, including orders of family court or any other local or federal court of competent jurisdiction;

xxiii.     Defendant shall not leave Guam without the approval of the court or Parole Board, with prior notice being given to the Office of the Attorney General, General Crimes Division;

Page 5
JUDGMENT - P. vs. ERNESTO MAURICIO ALVAREZ
Superior Court of Guam Criminal Case No. CF467-02     ssc:K:\HOME\GAIL-AWAYA\JUDGMENT\FELONY\MURDER\02-13705.WPD

Case 1:05-cv-00036    Document 3    Filed 12/07/2005    Page 6 of 7

xxiv.   Defendant shall obey all local and federal laws; and,

xxv.   Defendant shall comply with any other condition imposed by the court or the Parole Board.

i.   Defendant shall report to the Parole Services Division within forty-eight (48) hours of his release from incarceration for intake and processing;

j.   *If and when the Defendant is deported, or otherwise removed, from the United States (including Guam), all remaining or unfulfilled terms and conditions of paragraph 5 of this Plea Agreement shall be suspended;*

k.   *In the event that Defendant returns to Guam, after deportation or removal from the United States, at any time during the pendency of the sentence rendered herein, including any special parole term, Defendant shall be immediately incarcerated and shall serve the remainder of his sentence of imprisonment which was previously suspended or not served prior to such deportation or removal.*

2.   Pursuant to the Plea Agreement, the Court hereby dismisses all the remaining charges contained in the Indictment filed herein.

**SO ORDERED,** *NUNC PRO TUNC,* to **July 27, 2005,** this _____ day of ___SEP 1 5 2005___, 2005.

Pursuant to 8 CFR §3.41 (b), I certify that this is a true and correct copy of the original.

_____
Timothy L. Conway, Special Agent
Hagåtña, Guam   Submitted by: Date: 10/14/2005

_____
**HONORABLE STEVEN S. UNPINGCO**
**JUDGE, SUPERIOR COURT OF GUAM**

Approved as to form:

_____
**DIANNE H. CORBETT**
Assistant Attorney General

Dated: __9/8/05__

_____
**MITCHELL F. THOMPSON, ESQ.**
Attorney for Defendant

Dated: __9/8/05__

RECEIVED FOR SERVICE:
TIME: _____
DATE: _____
INITIAL: _____
MARSHAL, SCOG

ENTERED INTO   DOCKET
DOCUMENT NO. _____
SEP 1 6 2005
on _____ date
DEPUTY CLERK

Page 6
JUDGMENT - P. vs. ERNESTO MAURICIO ALVAREZ
Superior Court of Guam Criminal Case No. CF467-02   ssc:K:\HOME\CALLAWAY\JUDGMENT\FELONY MURDER\02-13705.WPD

Case 1:05-cv-00036   Document 3   Filed 12/07/2005   Page 7 of 7